IN THE UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:01-cv-958-ORL-18DAB

SARINA DURHAM,

    Plaintiff,

v.

FRANK DILTZ, individually, and
DEPARTMENT OF CORRECTIONS,
ORANGE COUNTY, FLORIDA, a political
subdivision of the State of Florida,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, SARINA DURHAM, by and through her undersigned counsel and sues the Defendants, FRANK DILTZ and DEPARTMENT OF CORRECTIONS, ORANGE COUNTY, FLORIDA, and in support thereof would state as follows:

## GENERAL ALLEGATIONS

1.    The Plaintiff, SARINA DURHAM (hereinafter referred to as "Durham"), was previously a corrections officer with Department of Corrections, Orange County, Florida located in Orlando, Orange County, Florida.

1

2. The Defendant, DEPARTMENT OF CORRECTIONS, ORANGE COUNTY, FLORIDA (hereinafter referred to as "Corrections"), operates the Orange County Correctional Facility and is an agency of the Government of the State of Florida.

3. The Defendant, FRANK DILTZ (hereinafter referred to as "Diltz"), at all times pertinent hereto was an employee of Corrections and in a supervisory capacity of Durham.

4. At all times pertinent hereto, Durham and Diltz were employed at the Office of Corrections located in Orlando, Orange County, Florida, commonly referred to as the "33rd Street Jail".

5. Jurisdiction is based on Title VII of the Civil Rights Act of 1964. On or about July 30, 2000, Durham filed a Complaint of Discrimination against Corrections and Diltz with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") in Miami, Florida. A decision was finally released by EEOC on May 31, 2001. The EEOC denied Durham's relief as sought forth herein. Durham is, therefore, exercising her rights under the statute to file in Federal District Court.

6. Venue is proper in this District because employment records, witnesses and parties relevant to this action are located in Orange County, Florida, and because the Defendants' unlawful sexual harassment set forth herein took place in Orange County, Florida.

## INTRODUCTION

7. Durham incorporates the proceeding paragraphs by reference herein and further alleges as follows:

8. Durham was hired and at all times pertinent hereto acting as a corrections officer at the 33rd Street Jail located in Orlando, Orange County, Florida.

9. On or about May 29, 2000, Diltz was acting as the supervisor of Durham and was responsible for assigning her duties and other obligations during said shift.

10. At approximately 11:45 a.m. on May 29, 2000, Diltz requested Durham report to his private office located at the 33rd Street Jail. When Durham entered Diltz' office, Diltz made oral sexual advances towards Durham requesting that she disrobe for him and otherwise perform sexual acts with him. Durham refused to do so. Upon Durham's refusal, Diltz made unwarranted and unsolicited physical contact with Durham, reached inside her clothing and undergarments and fondled her breasts and genital area. Diltz further grabbed Durham's hands and forcibly placed them on his sexual organs.

11. Prior to said time and date, Durham, a female correctional officer, received numerous harassing and profane comments from her male co-workers, which comments were sexual in nature. Durham complained of these activities through her chain of command and ultimately to Diltz. Neither Diltz nor Corrections took any steps to terminate or discontinue such behavior.

12. Durham has satisfied all procedural and administrative requirement of Title VII, in particular:

 a) Durham filed a timely written charge of sex discrimination with the state office of Fair Employment Practices.

 b) Durham filed a timely written charge of sec discrimination with US Equal Employment Opportunity Commission ("EEOC").

 c) Durham received a "Notice of Right to Sue" from the EEOC.

 d) This Complaint was filed with this Court within ninety (90) days from receipt of the "Notice of Right to Sue" letter.

## COUNT I - UNLAWFUL DISCRIMINATION

13.     Durham hereby realleges and reavers each every allegation contained in paragraphs 1 through 12, above, and would further state as follows:

14.     The aforementioned activities of Diltz and of Corrections amount to violations of Title VII of the Civil Rights Act of 1964.

15.     As a result of said actions Durham has in the past suffered and continues to suffer loss of income, emotional and psychological disorder, loss of promotion, loss of retirement and accrued benefits and other benefits that were available to her through her employment with Corrections.

16.     Durham has been required to retain the services of the undersigned in the prosecution of this matter and is indebted to him for the same.

WHEREFORE, Durham respectfully requests this Court as follows:

1.     Issue a Declaratory Judgment that the Defendants acts, practices and procedures complained of herein violated Durham's rights as secured under Title VII.

2.     Grant Durham a permanent Injunction enjoining the Defendants, their officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in consort; or participation with them and at their direction from engaging in any employment policy or practice shown to discriminate against Durham in violation of Title VII on the basis of sex.

3.     Grant Durham back pay, reinstatement and reimbursement for lost fringe benefits, training and promotional opportunities and other appropriate relief to redress the discriminatory practices complained of herein.

4.     Retain jurisdiction over this action to insure full compliance with the Orders of this Court and with applicable law.

5. Grant Durham her attorney's fees, costs and disbursements.

6. Grant any such further relief as the Court deems necessary and proper.

## COUNT II - STATE LAW CLAIM FOR BATTERY

17. Durham invokes this Court's jurisdiction pursuant to rule 18(a) of the Federal Rules of Civil Procedure and 28 U.S.C. Section 1367 to hear and adjudicate claims arising out of the transactions set forth above that violate the rights and duties established by the laws of the State of Florida.

18. The treatment of Durham by Diltz constituted assault and battery as defined by Florida Statutes.

19. Said assault and battery by Diltz was intentional and with the purpose and intent of causing Durham severe and grievous mental and emotional harm which in turn resulted in severe physical consequences.

20. As a result, Durham has suffered damages.

WHEREFORE, Durham requests this Court as follows:

1. Find that the Defendant, FRANK DILTZ, perpetrated a battery on Durham.

2. Find that at the time Diltz committed said battery on Durham that he was operating within the course and scope of his employment and under the direction of his employer with Corrections.

3. Award Durham damages both compensatory and punitive in an amount appropriate to compensate Durham and to punish Diltz and Corrections for the willful and malicious misconduct as alleged above.

4. Award Durham attorney's fees and costs for the bringing of the instant action.

5. Grant such further additional relief as appropriate.

Dated: August 14, 2001.

_____
CHRISTOPHER H. MORRISON, ESQUIRE
Fla. Bar No.: 848654
**BALDWIN & MORRISON, P.A.**
7100 South US Highway 17-92
Fern Park, Florida 32730
(407) 834-1424 - telephone
(407) 834-4845 - facsimile
Attorney for Plaintiff

6